## The People ex rel. John R. Richards v. Mary A. Ridgley, Executrix.

1. PROBATE COURT—*Functions of.*—The function of a Probate Court is to cause the property of deceased persons to be disposed of according to law. First, to the discharge of the just claims of others—next, to those entitled to the residue under the provisions of the will, if the deceased left a will, and if he left no will, to those entitled under the statute of descents. The power of the court and its duty to cause the estate to

be administered upon, according to law, is the same whether the estate is testate or intestate.

2. WILLS—*Legatee not Required to Account.*—A provision in a will that a legatee and executor shall not be required to account to any one for the use of property willed to him has no reference to his duty as executor to report to the court concerning the discharge of his duty under the statute and his oath of office.

3. SAME—*Power of Testator.*—It is not within the power of a testator to nominate an executor to be appointed by the court to administer upon his estate under the statute, and to empower the person so appointed to omit the performance of a legal duty imposed upon him by the statute as such executor.

Administration of Estates.—Appeal from the Circuit Court of Macoupin County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded, with directions. Opinion filed January 11, 1895.

## STATEMENT OF THE CASE.

Richard Ridgley died testate on or about March 28, 1887. His will was duly proven and admitted to probate April 13, 1887.

By its first clause the testator bequeathed " $3,000 to Mary G. True, to be paid when she should arrive at the age of eighteen years, but in case she should die before attaining that age the legacy to be paid to Mary A. Ridgley, wife of testator, to be used by her as she may wish."

The will in its second clause bequeathed the sum of $1,000 in trust for the benefit of the Congregational Society of Bunker Hill, " to be loaned for its use and the interest paid to it, provided its trustees shall furnish Mary A., wife of the deceased, a pew in the church free of charge."

The remaining clauses in the will are as follows:

" Third.   I give and bequeath to my wife, Mary Ann Ridgley, all the rest, residue and remainder of my estate, both real and personal, of every name and nature during her natural life.

" And I further hereby empower my said wife, Mary A. Ridgley, to sell and convey and make good and sufficient deeds of conveyance to any or all of the real estate which I may own at the time of my death, and to sell and dispose

of all or any of the personal property which I may own at the time of my death. And it is my will that my said wife use or invest the proceeds of such sale or sales as she may see fit. And it is my will that she shall not be required to account to any one for the use of the same.

"Fourth. After the death of my wife, Mary Ann Ridgley, it is my will that what shall remain of my estate shall be equally divided between the heirs of my two sisters, Rhoda Bird and Eliza Richards.

"Fifth. I hereby appoint my wife, Mary Ann Ridgley, the sole executrix of this my last will, hereby revoking all former wills by me made, and I order and direct that no bond be required of my said executrix.

"Sixth. It is my will that after the death of my wife John R. Richards shall take charge of and finish the settlement of my estate."

The appellee, the widow of deceased, accepted the appointment as executrix under this will, and on the 13th day of April, 1887, qualified as executrix and entered upon the discharge of her duties as such.

On June 22, 1887, the executrix filed an inventory of the estate, showing the assets to be a number of town lots in Bunker Hill, Illinois, notes and accounts amounting to $20,540, and household furniture, etc., of the appraised value of $618.95. The household furniture, etc., at the valuation of $618.95 was taken by the widow on her award of $1,033.

The executrix has never made a report to the Probate Court or rendered an account of any character in said estate from the time of filing the inventory.

On the 18th day of July, 1894, John R. Richards, who is charged by the will with the duty of administering the trusts created by it in case of the death of the executrix, filed in the County Court of Macoupin County a petition asking the court to require said executrix to appear and file report of her acts and doings in and about the affairs of the estate.

The petition alleges the executrix failed to report within two years after her appointment, and that she now refuses

to report, and that the petitioner is informed and believes the executrix has unlawfully handled the assets of said estate, has grossly and willfully wasted the same and given away large sums of money belonging to the estate, and has unlawfully disposed of land and equities in land, to the great injury of the petitioner and the residuary legatees.

The appellee, executrix, moved the County Court to dismiss the petition; the grounds of the motion are set out therein as follows:

"Because she says, under the provisions of the will of Richard Ridgley, the petitioner in this cause is not entitled to an accounting of said estate during the lifetime of said Mary A. Ridgley."

The County Court overruled the motion and entered an order requiring the executor to make and file a report within thirty days.

She appealed, and the Circuit Court reversed the order, from which this appeal has been taken.

CHARLES E. RICHARDS, A. N. YANCEY and ANDERSON & BELL, attorneys for appellant.

E. W. HAYES and RINAKER & RINAKER, attorneys for appellee.

OPINION PER CURIAM.

Sec. 112, Chap. 2, R. S., is as follows:

" All executors and administrators shall exhibit accounts of their administration for settlement to the County Court from which letters testamentary or of administration were obtained, at the first term thereof after the expiration of one year after the date of their letters, and in like manner every twelve months thereafter, or sooner if required, until the duties of their administrations are fully completed," provided " no final settlement shall be made and approved by the court unless the heirs of the deceased have been notified thereof in such manner as the court may direct."

Sec. 113 of the same chapter provides, upon every such

settlement of the accounts of an executor or administrator, the County Court shall ascertain the whole amount of money and assets belonging to the estate, which have come to the hands of the executors or administrators, and shall cause the debts to be paid, etc.

Sec. 114 requires the court to enforce the final settlement of estates, and empowers it to cite and attach an executor or administrator who fails to make reports and settle his estate.

The statute is applicable to the executrix in the case at bar, and we think the order of the County Court requiring compliance therewith, was correct and proper and should have been affirmed.

The argument of counsel for appellee is that as the executrix had made an inventory of the property of the estate, and as no demand that she should report had been made by any creditor or legatee, and as the will, as they construe it, provides that she should not be required to account to any one for the use made of any property coming to her under its third clause, she was absolved from all duty to report to the court.

This view is entirely unsound.

The court, as we have seen, is charged by the statute with the affirmative duty of seeing and knowing that creditors are paid and with the like duty of enforcing final settlement of the estate, which includes, of course, the payment of legacies. To insist an executor, after filing an inventory, may omit to make stated reports to and settlements with the court. unless forced to do so upon the complaint of a creditor of the estate or a person entitled to a legacy under the will, is to entirely misapprehend the duties of the executrix and the power and function of the court.

The function of a Probate Court is to cause the property of deceased persons to be disposed of according to law—first, to the discharge of the just claim of others; next, to those entitled to the residue under the provisions of the will, if the deceased left a will, and if he left no will, to those entitled under the statutes of descent. The power of

the court and its duty to cause the estate to be settled—administered upon according to law—is the same whether the estate is testate or intestate.

It is necessary to the proper discharge of this duty that executors and administrators shall advise the court by way of reports of their acts and doings with the property of the deceased person. If they fail to do so, the court should, upon its own motion, bring them into court and compel them to present and file proper reports and statements of their accounts as officers of the court.

The provisions in the third clause of the will that Mary A. Ridgley, the legatee under that clause, should "not be required to account to any one," etc., has no reference to her duty as executrix to report to the court concerning the discharge of her duty under the statute and her oath of office.

Moreover, it is not within the power of a testator to nominate an executor to be appointed by the court to administer upon his estate under the statute, and to empower the person so appointed to omit the performance of a legal duty imposed by the statute upon him as an executor.

In the case at bar the executrix should have been required to report, not only because of the peremptory requirements of the statute, but because the rights and interests of other persons in the property left by the testator demanded she should do so.

It is only through the medium of her reports that the court, and others interested in the estate, can know whether the claims of creditors had been met, or the wishes of the testator relative to the bequest to Mary G. True been observed, or his intention and direction that a fund should be created for the benefit of the Congregational Society of Bunker Hill had been carried into execution, or the estate administered, and the assets so managed that the residuum would be enjoyed by those persons whom the testator desired should receive it mediately or immediately.

It will not do to say the executrix may construe a clause in the will to give her absolute title to property in which a

possible, or contingent interest, is invested in other persons by other clauses of the will, and, upon the faith of her construction, refuse to make report to the court of her acts and doings with relation to that property.

Whether the power given the executrix as legatee in the third clause of the will is " to use and invest " as " she should see fit," all the residue of the estate, or only the proceeds arising from sales of real estate and chattel property, which she was authorized thereby to make, and whether the declaration in the same clause that " she shall not be required to account to any one for the use made of the same," referred to the residue of the estate which consisted most largely of moneys and notes, or only to the proceeds of such sales, and whether the power given her " to use and invest " as she may see fit without being required to account therefor," authorized her to dispose of property otherwise than for her own use or by way of investment are all questions for the determination of the courts.   The property involved, its amount and character, and the acts and dealings of the executrix with it, should fully appear of record, so that the judgment of the court may act upon it and control the disposition to be made of it under the will.   The executrix should have obeyed the statute by exhibiting to the court at regular intervals, as required by law, full reports of her acts and doings by virtue of her letters testamentary.

The order of the Circuit Court exempting her from the duty of reporting, must be reversed and the cause remanded with directions to enter an order, and judgment requiring the executrix to report in compliance with the order of the County Court.   Reversed and remanded with directions.